UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| JACKOLYN B. WILLIAMS, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV620-061 |
| | ) | |
| MEMORIAL HEALTH CENTER | ) | |
| and REPRESENTATIVE | ) | |
| DISCHARGE PLANER AND/OR | ) | |
| DISCHARGE CASE PLANER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se*, plaintiff Jackolyn B. Williams brings this complaint alleging violations of the Eighth and Fourteenth Amendments and various tort claims arising from the defendants' failure to provide a hospital bed. Docs. 1. She has filed a motion to proceed *in forma pauperis* (IFP). Doc. 2. Though plaintiff has not utilized the Court's standard IFP application form, she has attested under penalty of perjury that she lacks the funds to pay the filing fee for this case. *Id.* at 5–7. The Court normally requires greater factual support before granting IFP status; however, as the complaint is facially insufficient, the motion to proceed IFP is

**GRANTED**, but the Court **RECOMMENDS** that the case be **DISMISSED**.[1]

## Background

Plaintiff alleges that her constitutional rights were violated when defendants failed to provide a hospital bed for home use during final weeks of her late husband's life. *See* doc. 1. Prior to her husband's discharge for Memorial Health Center, she completed three weeks of training in how to provide home care, including the use of a hospital bed. *Id*. at 3. Despite being advised by the hospital discharge case planner that a bed would be provided, one was never received. *Id*. 3–4. In the absence of a bed, plaintiff was forced to place her husband in a "small lounge chair." *Id*. at 4. This arrangement made it difficult to bathe and care for him. *Id*. After several weeks, plaintiff's husband was transferred to a hospice facility, where he died the day after admittance. *Id*. at 5.

## Discussion

Where a complaint is brought IFP, the Court is obligated to conduct an initial screening and to dismiss any action that "(i) is frivolous or

---

[1] Pursuant to 28 U.S.C. §1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B).

malicious; (2) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

In order for a complaint to state a claim upon which relief can be granted, the allegations must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When reviewing the complaint of a *pro se* litigant, the Court will accept the allegations as true and construe them in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).

Plaintiff's allegations of Eighth and Fourteenth Amendment violations travel under 28 U.S.C. § 1983, which provides a mechanism for bringing a civil action for the deprivation of a right or privilege by a *state actor*. 28 U.S.C. § 1983. A private party may only be deemed as a state actor for § 1983 purposes if it (1) performed a public function; (2) was coerced or encouraged by the government; or (3) was interdependent with the government and participated in a joint action. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).

Defendants appear to be a private hospital and its employee that are not proper defendants under § 1983.[2] *See Watson v. Mem. Health Univ. Medical Center*, 2006 WL 3408216, at *1, n. 1 (S.D. Ga. Sept. 18, 2006) (suggesting a § 1983 against defendant Memorial Health Medical Center was "legally insufficient" when plaintiff failed to allege that it acted under color of state law or in concert with any state official). Plaintiff does not allege that either defendant is in anyway affiliated with the state and has offered no suggestion that either meets the high threshold for a private party to be held liable under § 1983. Accordingly, as plaintiff has failed to

---

[2] A review of defendant Memorial Health University Medical Center's website, https://memorialhealth.com/, indicates that it is operated by the HCA South Atlantic.

allege that either defendant could plausibly be liable under 28 U.S.C. § 1983, her claim should be **DISMISSED** for failure to state a claim.[3]

Though not expressly stated in the body of the complaint, various state tort claims are referenced in the plaintiff's prayer for relief. Doc. 1 at 7. These include loss of consortium, medical malpractice, wrongful death, and infliction of emotional distress and mental anguish. *Id*. Though the Court might exercise supplemental jurisdiction over such state law claims, 28 U.S.C. § 1367(a), it may decline to do so where all claims supporting its original jurisdiction have been dismissed. 28 U.S.C. § 1367(a). As plaintiff has failed to state a cognizable federal law claim, the Court should decline to exercise supplemental jurisdiction in this case and **DISMISS** these claims as well.

## Conclusion

In summary, the motion for leave to proceed IFP is **GRANTED**. The Court, however, **RECOMMENDS** that this case be **DISMISSED** for failure to state a claim. This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28

---

[3] Should plaintiff believe that either defendant is a state actors, she may file an amended complaint within the 14-day window for objections to this Report and Recommendation.

U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 7th day of July, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA